Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| LA ROSE BEAUTY SUPPLY, INC.<br><br>Recurrido<br><br>Vs.<br><br>COSMUNDO, INC.;<br>COSMUNDO, INC. PUERTO RICO; SIMONE PROFESSIONAL;<br>INDUSTRIAS KERAVIT;<br>SIMONE GUZMÁN<br><br>Peticionario | KLCE202500220 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Caguas<br><br>Sobre: Injunction Preliminar y Permanente<br><br>Caso Núm.: SL2023CV00391 |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero, el Juez Campos Pérez y el Juez Sánchez Báez.

Rodríguez Casillas, juez ponente.

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 29 de mayo de 2025.

Comparece ante nos la Sra. Simoné Flerida Guzmán t/c/c Simoné Guzmán ("señora Simoné" o "peticionaria") para que revisemos la *Orden* emitida y notificada el 6 de febrero de 2025, por el Tribunal de Primera Instancia, Sala Superior de Caguas ("TPI"). Allí, se declaró *No Ha Lugar* la moción de reconsideración presentada por la peticionaria para la desestimación de la demanda bajo Regla 10.2 de Procedimiento Civil.[1]

Examinado el recurso ante nos, **denegamos** el auto de *certiorari* solicitado.

-I-

El **6 de noviembre de 2023**, La Rose Beauty Supply, Inc. ("La Rose Beauty o recurrida") presentó contra Cosmundo Inc. ("Cosmundo") una demanda por incumplimiento de contrato,

---

[1] Infra.

Número Identificador
RES2025_____

entredicho provisional, *injunction* preliminar y permanente, y daños y perjuicios.[2] En resumen, reclamó pérdidas por más de $250,000.00 y daños por una cantidad no menor de $1,000,000.00.

Con posterioridad, La Rose Beauty solicitó una autorización para enmendar la demanda y expedir emplazamientos, ello con el fin de incluir como demandados a la compañía Simone Professional Corp. ("Simone Professional"), Industrias Keravit ("Keravit") y a la peticionaria.[3] En síntesis, señaló que la señora Simoné creó la compañía Simone Professional y la ha utilizado para mercadear su línea de productos en violación al contrato de exclusividad firmado entre La Rose y Cosmundo.

El **19 de marzo de 2024**, la peticionaria solicitó la desestimación al amparo de la Regla 10.2 de Procedimiento Civil.[4] En síntesis, adujo que basada en las alegaciones de la demanda no se justificaba la concesión de remedio alguno.[5] Por su parte, la recurrida se opuso a la desestimación el **16 de abril de 2024**,[6] y sostuvo que las alegaciones en la demanda enmendada incluían a la señora Simoné en su carácter personal al constituir, promocionar y utilizar la compañía Simone Professional en detrimento de La Rose Beauty, a sabiendas del contrato de exclusividad firmado.

Evaluado los planteamientos de las partes, el TPI emitió el **21 de enero de 2025** una *Resolución*,[7] en la cual esbozó las siguientes determinaciones de hechos:

1. *Cosmundo, Inc. es una corporación con fines de lucro, organizada bajo las leyes de Puerto Rico. Esta fue registrada como una corporación el 17 de julio de 2009. Su oficina principal está localizada en la 5ta Sección de Turabo Gardens, Calle 32 A-10 en Caguas, Puerto Rico, 00725.*
2. *Simoné Guzmán es la Presidenta, Vice-Presidenta, Secretaria y Tesorera de Cosmundo, Inc.*

---

[2] Anejo II del *Certiorari*, págs. 2 – 13.
[3] Anejo III del *Certiorari*, págs. 14 – 28.
[4] Regla 10.2 de las Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V., R.10.2.
[5] Anejo IV del *Certiorari*, págs. 29 – 34.
[6] Anejo V del *Certiorari*, págs. 35 – 76.
[7] Notificada el mismo día.; Anejo VI del *Certiorari*, págs. 77 – 83.

> **3.** *Cosmundo, Inc. fue creada con el fin de producir y vender productos de belleza y/o realizar cualquier tipo de negocio lícito en la jurisdicción de Puerto Rico.*
>
> **4.** *Simone Professional Corp., es una corporación con fines de lucro, organizada bajo las leyes de Puerto Rico. Esta fue registrada como una corporación el 30 de agosto de 2023. Su oficina principal está localizada en la 4ta Sección Villa del Rey, Calle 1 Bloque 4T 3 en Caguas, Puerto Rico 00725.*
>
> **5.** *Simoné Guzmán es el Agente Residente de Simone Professional Corp.*
>
> **6.** *Simone Professional fue creada con el fin de vender productos de belleza y/o realizar cualquier tipo de negocio lícito en la jurisdicción de Puerto Rico.*[8]

Cónsono con ello y el derecho aplicable, el TPI señaló que había alegaciones en contra de la peticionaria y de Simone Professional las cuales debían ser atendidas y dirimidas en el proceso judicial. Por lo cual, resolvió que, tomando como ciertos todos los hechos bien alegados en la demanda, no procedía la desestimación de la acción en ese momento. Añadió que las codemandadas —señora Simoné y Simone Professional— no lograron demostrar, que La Rose Beauty no tenía derecho a remedio alguno. En consecuencia, declaró *No Ha Lugar* las solicitudes de desestimación, y ordenó la continuación del procedimiento.[9]

El **5 de febrero de 2025** la peticionaria presentó una *"MOCIÓN DE RECONSIDERACIÓN Y QUE PIDE OTROS REMEDIOS"*.[10] En síntesis, adujo que las alegaciones en la demanda no justifican que la peticionaria tenga responsabilidad alguna, por lo que no justifica la concesión de un remedio.

El **6 de febrero de 2025**, el TPI declaró *No ha lugar* la solicitud de reconsideración.[11]

Así, el **6 de marzo de 2025**, la peticionaria recurrió ante este Tribunal mediante el presente *Escrito de Certiorari*. Nos señaló la comisión de tres (3) errores:

> **PRIMER ERROR:** *ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL NO DESESTIMAR LA SEGUNDA DEMANDA ENMENDADA EN CONTRA DE LA RECURRENTE A*

---

[8] *Íd.*, a las págs. 80 – 81.
[9] *Íd.*, a las págs. 82 – 83.
[10] Anejo VII del *Certiorari*, págs. 84 – 95.
[11] Notificada el mismo día.; Anejo I del *Certiorari*, pág. 1.

*LA LUZ DE LOS CRITERIOS DE LA REGLA 10.2 DE LAS DE PROCEDIMIENTO CIVIL.* [sic].

**SEGUNDO ERROR:** *ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO DESESTIMAR LA SEGUNDA DEMANDA ENMENDADA BAJO LOS CRITERIOS DE PARTE INDISPENSABLE, LA LEY GENERAL DE CORPORACIONES Y LA DOCTRINA DE DESCORRER EL VELO CORPORATIVO, ABUSANDO ASÍ DE SU DISCRECIÓN E INCURRIENDO EN ERROR MANIFIESTO.* [sic].

**TERCER ERROR:** *ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL NO FUNDAMENTAR SU DECISIÓN, A PESAR DE HABÉRSELE SOLICITADO DETERMINACIONES DE HECHOS Y CONCLUSIONES DE DERECHO.* [sic].

En oposición a la expedición del recurso de *certiorari*, La Rose Beauty compareció ante nos el **10 de abril de 2025**.

Por lo que el **24 de abril de 2025**, dimos por perfeccionado el recurso para la atención del Panel.

**-II-**

El auto de *certiorari* es un medio procesal de carácter discrecional, que a su vez, permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[12] Así, se entiende por discreción como el poder para decidir en una forma u otra; esto es, para escoger entre uno o varios cursos de acción.[13]

Por ello, la Regla 52.1 de Procedimiento Civil, delimita las instancias en que habremos de atender —*vía certiorari*— las resoluciones y órdenes emitidas por los tribunales de instancia:

> *[E]l recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. **Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión**. […].[14]*

---

[12] *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 711 (2019).; *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337 – 338 (2012).

[13] *García v. Asociación,* 165 DPR 311, 321 (2005).

[14] Regla 52.1 de las Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V., R. 52.1. Énfasis nuestro.

Bajo el carácter de discrecionalidad, la Regla 40 del Reglamento de este Tribunal de Apelaciones establece los siguientes criterios para mostrar causa o para la expedición del auto de *certiorari:*

> (A) *Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
> (B) *Si la situación de hechos planteada es la más indicada para el análisis del problema.*
> (C) *Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
> (D) *Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
> (E) *Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
> (F) *Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
> (G) *Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*[15]

En consecuencia, el Tribunal Supremo de Puerto Rico ha dispuesto que:

> *[d]e ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.*[16]

De manera, que si la actuación del foro recurrido no está desprovista de base razonable —ni perjudica los derechos sustanciales de las partes— deberá prevalecer el criterio del juez de instancia a quien le corresponde la dirección del proceso.[17]

**-III-**

En síntesis, la peticionaria nos plantea que el TPI erró al no desestimar la acción en su contra al amparo de la Regla 10.2 de la Reglas de Procedimiento Civil, *supra.*

Luego de una evaluación, el TPI concluyó que había alegaciones contra de la parte peticionaria que debían ser atendidas

---

[15] Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.40.
[16] *Zorniak Air Services v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992).; *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[17] *SLG Zapata- Rivera v. J.F. Montalvo*, 189 DPR 414, 434 – 435 (2013).

y dirimidas en el proceso judicial. Dicho foro añadió que la peticionaria no logró demostrar que la recurrida no tuviera derecho a remedio alguno, por lo cual determinó que no procedía la desestimación de la acción en esa etapa inicial del proceso.

La determinación antes dicha, constituye una decisión dentro del claro ejercicio de discreción conferido a los tribunales de primera instancia y a su facultad de manejar los casos de la manera que entiendan más adecuada. Es decir, aunque la denegatoria recurrida proviene de una solicitud dispositiva, no intervendremos con esta por ser una razonable, por lo que esperar a la apelación no constituiría un fracaso de la justicia, conforme se contempla en la citada Regla 52.1 de Procedimiento Civil.

De igual modo, no hay prueba en el expediente tendente a demostrar que el TPI abusó de su discreción o actuó con perjuicio, parcialidad o error manifiesto. En el ejercicio de la discreción que nos permite la citada Regla 40 del Reglamento del Tribunal Apelaciones, no intervendremos con la Resolución recurrida.

**-IV-**

Por los fundamentos antes expuestos, **denegamos** la expedición del auto de *certiorari* solicitado.

Lo acordó el Tribunal y certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones